```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


ATTORNEYS' TITLE GUARANTY     )
FUND, INC.,                   )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 2:05 cv 58
                              )
R. BRIAN WOODWARD and         )
GUARANTEED FIDELITY, INC.,    )
                              )
          Defendants          )
```

OPINION AND ORDER

This matter is before the court on the Motion to Vacate The Stay of Proceedings Entered By This Court's Order August 15, 2005 filed by the plaintiff, Title Guaranty Fund, Inc., on September 22, 2006. For the reasons set forth below, this motion is **DENIED**.

Background

This court's order of August 15, 2005 (DE 18) describes the factual setting of this case, which will be summarized as necessary here. Defendant R. Brian Woodward is a shareholder-agent of plaintiff Attorneys' Title Guaranty Fund, Inc. ("ATG"). The company, through its shareholders, issues title insurance and commitments. The shareholder agreement under which Woodward operates as an ATG agent provides for reimbursement from shareholders according to Article VII of that agreement:

> *Reimbursement from Shareholders*. If a loss occurs from a cause that would result in civil liability for the shareholder who issues the guaranty or policy under which the loss occurs, then and in that event, the corporation may seek reimbursement from that shareholder for the amount of the loss.

(Complaint ¶ 25)

Woodward issued a title insurance commitment for property referred to as the Hillcrest Property on August 25, 1999. The conveyance of this property became central to a series of law suits. On August 27, 1999, the IRS recorded a Federal Tax Lien against the property in the amount of $685,817.44. The property subsequently was transferred from the Gerrit Van Keppel Revocable Trust to the Anne Dewes Trust. The Anne Dewes Trust then transferred the Hillcrest Property to Anne and Jeff Dewes individually. The Dewes executed a mortgage and note on the property in favor of 1st Source Bank on October 7, 1999, in the amount of $200,000. In these conveyances, it is alleged that Woodward provided an incorrect legal description and failed to refer to the federal tax lien.

In November 2000, Anne Dewes filed for Chapter 13 bankruptcy. After initiating an adversary proceeding, the bankruptcy court accepted the parties' stipulation that the federal tax lien was superior to the lien held by 1st Source and held that Dewes could avoid the tax lien, which was preserved for the benefit of the bankruptcy estate. These conclusions were upheld on review by the district court and subsequently raised on appeal to the Seventh Circuit.

Two proceedings also were initiated in state court. 1st Source sued Woodward in Jasper County Circuit Court, alleging negligence in, among others, failing to disclose the tax lien. This cause was stayed until 1st Source was able to plead actual damages. The second state cause of action was filed by Anne

2

Dewes, alleging Woodward's negligence in providing legal representation to Dewes for failing to find the IRS tax lien on the Hillcrest property.

On February 14, 2005, ATG filed a Complaint For Declaratory Judgment in this court, pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*. ATG seeks a declaration that Woodward is liable to ATG for loss incurred in his defense. Woodward filed a motion to stay this claim on April 27, 2005, and this court granted Woodward's motion. In doing so, this court determined that the complaint asserted only the Declaratory Judgment Act as its grounds for relief. Accordingly, the decision to stay this case was based upon the standards articulated in *Wilton v. Seven Falls Company*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), rather than the abstention doctrine outlined by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1235, 47 L.Ed.2d 483 (1976). This court also found that "all of the questions presented in this case are before other courts." (Order, August 15, 2005, p. 11) Specifically, this court concluded that "Woodward's duty to discover the federal tax lien is an issue in both state court proceedings, as well as the Seventh Circuit." (Order, p. 12)

ATG now moves to vacate this stay, stating that one of the Seventh Circuit appeals has been dismissed and that ATG will be withdrawing its appearance in another and expects it to be dismissed as well. ATG also states that the state court action

initiated by 1st Source is subject to a dismissal, but still awaits one additional signature. ATG finally states that it is not aware of the status of the second state court action, filed by Anne Dewes.

## Discussion

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. §2201. A federal court enjoys "unique and substantial discretion" in deciding whether to grant declaratory relief under the Act. *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288, 115 S.Ct. at 2143; See also *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). Furthermore, when a parallel state case is pending, a stay is the "preferable course" because it provides the state court with the opportunity to resolve the matter without risking a time bar to any unresolved claims in the federal forum. *Wilton*, 515 U.S. at 288 n.2, 115 S.Ct. at 2143 n.2; *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942).

The argument at the heart of ATG's motion suggests that it has become an abuse of discretion for the court to maintain a

4

stay in this case because just one, rather than three, related proceeding is still pending. ATG seeks to avoid this characterization by implicitly asking this court to revisit its characterization of the Anne Dewes case pending in Jasper County Circuit Court as a related proceeding. ATG argues that Woodward, in seeking to maintain the stay, has failed to explain how the allegations in the Dewes case resemble ATG's allegations in the federal Declaratory Judgment Act case. It is not, however, Woodward's burden to do so. This court already has drawn that conclusion, and the law of the case doctrine militates against revisiting it. See **Analytical Engineering, Inc. v. Baldwin Filters, Inc**., 425 F.3d 443, 454 (7th Cir. 2005) ("The law of the case doctrine is a rule of practice which recited that when an issue is once litigated and decided, that should be the end of the matter.")(internal citations and quotations omitted).

   ATG offers no compelling reason to revisit this conclusion and instead has attempted to shift the burden to Woodward to justify the stay. In fact, the resemblence between Dewes' state court proceeding and ATG's declaratory judgment action were described by this court. "Woodward's duty to discover the federal tax lien is an issue in both state court proceedings." (Order, p. 12) For instance, in its complaint, ATG stated that the erroneous legal description and omission by Woodward of the federal tax lien in the title commitment and policy are events that would "result in civil liability" and therefore trigger the section of the shareholder's agreement upon which ATG seeks a declaratory

5

judgment. (Complaint ¶ 26) Likewise, in the Anne Dewes case, Dewes alleges that Woodward failed "to obtain an updated title commitment at closing which would have revealed an IRS tax lien of over $569,000." (Dewes Complaint ¶ 3) The very "civil liability" referenced in ATG's shareholder agreement is being litigated by the Jasper Circuit Court.

In *Zavalis*, the Seventh Circuit faced a state court action, alleging the negligence of the University of Illinois students who set fire to the artificial turf in the school's football stadium, and an action pursuant to the Declaratory Judgment Act by Nationwide, one of the students' insurers. *Zavalis*, 52 F.3d at 690. The insurance company sought a declaration that the policy at issue did not require Nationwide to defend or indemnify the student. *Zavalis*, 52 F.3d at 691. The Seventh Circuit found that "these duties must be resolved on differing factual records, a matter that has significant bearing on the exercise of the court's declaratory power." *Zavalis*, 52 F.3d at 693. In this instance, resolution does not depend on two separate factual records. This conclusion is the natural consequence of ATG's shareholder agreement, which merges the question of ATG's recovery into the inquiry of Woodward's liability when it bases recovery solely upon civil liability.

It is far from clear how ATG is able to state that its declaratory judgment action is not based on the standard of care Woodward was required to exercise in issuing the title commitments and policy. (*See* Reply Brief, p. 2) ("Plainly, the instant

6

case does not seek a declaratory judgment on whether one or more of the defendants in the instant case owed a duty to the plaintiffs in the Dewes case."). The allegations in both complaints focus on only whether Woodward was negligent, i.e. civilly liable, in his preparation of the title commitment and policy issued with respect to the Hillcrest property. Whether Dewes, 1st Source, or ATG seek recovery, the single event from which recovery flows is Woodward's failure to meet a legal standard.

The fact that, if ATG's predictions are correct, some of the other related proceedings have been or will be dismissed does not warrant vacating the stay in this action. *Wilton*, and the cases applying it, do not require multiple related proceedings before wise judicial administration calls for the stay of a federal declaratory judgment action. The existence of multiple cases is of marginal relevance because the existence of just one related proceeding raises the same concern over the use of *res judicata*, a race to judgment, and the possibility of inconsistent verdicts.

Finally, it also is not determinative that the Dewes case and this case do not present identical parties. (*See* Order, August 15, 2005, p. 10). In both cases, the same defendant is defending potential civil liability arising from the same set of events. In such circumstances, the federal court's role gives way to the state. *See* ***The Sherwin Williams Company v. Holmes County***, 343 F.3d 383, 390-91 (5th Cir. 2003)("Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law

7

issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

_____

For the foregoing reasons, the Motion To Vacate The Stay Of Proceedings filed by the plaintiff, Title Guaranty Fund, Inc., on September 22, 2006, is **DENIED.**

ENTERED this 11th day of December, 2006

                                            s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge